UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DENTIST INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LUKE ST. MARIE VALLEY DENTAL GROUP, P.L.L.C. et al.,<br><br>Defendants. | CASE NO. 2:21-cv-01227-JHC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

I.

INTRODUCTION

This matter comes before the Court on Plaintiff The Dentist Insurance Company's ("TDIC") Motion for Default Judgment against Defendants Luke Edward St. Marie, D.D.S., and Luke St. Marie Valley Dental Group, P.L.L.C. ("St. Marie Defendants"). Dkt. # 33. The motion is unopposed. *See generally* Dkt. The court has considered the motion, the record, and the applicable law. Being fully advised, the Court GRANTS the motion.

## II.

## BACKGROUND

This is an action for declaratory relief in which Plaintiff seeks a ruling that it does not owe the St. Marie Defendants coverage—specifically, defense or indemnity obligations—for any claims arising out of the lawsuit entitled:

> *Carlon P. Hurtt v. Luke St. Marie Valley Dental Group, P.L.L.C., Doris Chan-Lee, D.D.S., P.S., Robert Brian Kane, D.D.S., P.S., Luke Edward St. Marie, D.D.S., Robert Brian Kane, D.D.S., and Connie Kane, Doris Chan-Lee, D.D.S., and John Doe Lee,* Superior Court for the State of Washington for King County, No. 21-2-08644-2 KNT ("Underlying Lawsuit").

Carlon P. Hurtt filed the Underlying Lawsuit as administrator of the Estate of his daughter, Rachel Hurtt, on or about June 30, 2021. Dkt # 8 at 4. In the Underlying Lawsuit, Hurtt alleges that Luke Edward St. Marie, D.D.S. prescribed, provided, and delivered narcotic medications and controlled substances to the decedent in his capacity as a health care provider during the time she was a patient at Luke St. Marie Valley Dental Group, P.L.L.C.. *Id.* He alleges that St. Marie continued to prescribe, provide, and deliver narcotic medications and controlled substances to the decedent to such a degree that she became addicted to the substances. *Id.* at 5. He further alleges that the decedent overdosed on narcotics and/or controlled substances at the residence of Luke Edward St. Marie D.D.S. on or about November 20, 2019, and that she died because of the overdose. *Id.* at 3–4. He asserts causes of action including negligence, malpractice, and wrongful death against the St. Marie Defendants. *Id.* at 7.

When the Underlying Lawsuit was filed, the St. Marie Defendants were covered by a Dentists and Oral Surgeons Professional Liability Policy, issued by Plaintiff TDIC under policy number WA524857 ("TDIC Policy"). Dkt #8 at 7. Plaintiff includes relevant excerpts of the coverage agreement in their complaint. *Id.* at 8–14. Plaintiff requests a declaratory judgment that the TDIC Policy does not provide coverage to the St. Marie Defendants for claims arising

ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT - 2

out of the mistreatment and death of the decedent either because the Insuring Agreement of the TDIC Policy was not triggered for the claims asserted, because the TDIC Policy excludes coverage of Luke Edward St. Marie, D.D.S.'s conduct, or because Luke Edward St. Marie, D.D.S.'s failure to comply with the terms of the policy prejudiced TDIC such that it should be relieved of its duty to defend or indemnify the St. Marie Defendants.  Dkt. # 8 at 19–22.[1]

On November 19, 2021, the Court entered an Order of Default against Luke St. Marie Valley Dental Group, P.L.L.C..  Dkt. 22.  On March 15, 2022, the Court entered an order of Default against Luke Edward St. Marie, D.D.S..  Dkt. 32.  As of the filing of this order, the St. Marie Defendants have not appeared or answered Plaintiff's complaint.  *See generally* Dkt.

### III.

#### ANALYSIS

Obtaining a default judgment is a two-step process.  First, if a party fails to appear, the clerk must enter that party's default.  Fed. R. Civ. P. 55(a).  Second, upon a party's request or motion, the court may grant default judgment.  Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law.  *See, e.g.*, *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007); *see also UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W. D. Wash. 2019).  To determine the plaintiff's entitlement to judgment, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages."  *UN4*, 372 F. Supp. 3d at 1133 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

---

[1] Plaintiff's complaint includes several other defendants who have since been dismissed from this action. Dkt. # 27.

If the complaint is sufficient, the court decides whether to grant default judgment by considering the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

In this case, Plaintiff has sufficiently pleaded that it does not owe coverage to the St. Marie Defendants under the TDIC Policy. Plaintiff has alleged that multiple policy exclusions apply to Luke Edward St. Marie, D.D.S.'s conduct, such as the exclusion for "intentional act[s]…which a reasonable person could expect to result in or cause 'injury'," the exclusion for acts unrelated to the performance of "Dental Services," or the exclusion for "physical or mental abuse." Dkt. #8 at 12–13. Plaintiff also alleges that the St. Marie Defendants have not complied with the notice requirements of the policy, such that TDIC should be relieved of their coverage obligations. *Id.* at 14. The St. Marie Defendants have offered no information or evidence to challenge these assertions, and therefore the Court finds that the complaint is sufficient. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

The *Eitel* factors also support default judgment. The first factor, the potential prejudice to the Plaintiffs, supports default judgment because TDIC has "no other recourse to secure a ruling regarding its liability." *Colony Ins. Co. v. Thomas*, No. CV1004218MMMSHX, 2011 WL 13109255, at *4 (C. D. Cal. Jan. 24, 2011). Specifically, TDIC "will be unable to determine its obligations" to the St. Marie Defendants without a grant of default judgment. *Id.* The second and third factors also support default judgment because, as stated above, TDIC has sufficiently pleaded that it should not owe coverage to the St. Marie Defendants. *See Curtis v. Illumination*

ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT - 4

*Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) ("The second and third *Eitel* factors…are often analyzed together."). As for the fourth factor, because TDIC seeks only a declaratory judgment and no money is at stake, this factor is neutral. *DialMask Inc. v. Bresolin,* No. C15-1784RSH, 2017 WL 2443556, at *6 (W. D. Wash. June 6, 2017) ("In this case, Plaintiff is not seeking any monetary judgment. Accordingly, this factor is neutral."). The fifth *Eitel* factor, the possibility of a dispute over material facts, favors default judgment. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). As for the sixth factor, because nothing in the record suggests that Defendants' default stemmed from excusable neglect, this factor supports default judgment. *See Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020) ("Plaintiff has demonstrated proper service on Defendant, and there is no evidence that Defendant's failure to respond to the complaint is the result of excusable neglect."). Lastly, despite the policy interest in deciding cases on their merits, this factor does not foreclose on entry of a default judgment. *See Amazon.com v. Kurth*, No. 2:18-CV-00353-RAJ, 2019 WL 3426064, at *2 (W.D. Wash. July 30, 2019) ("Because Defendant has failed to appear or respond in this action, a decision on the matters appears unlikely."). Therefore, having considered the *Eitel* factors, the Court finds that they support entry of a default judgment for Plaintiffs.

## IV.

### CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff TDIC's motion for default judgment against the St. Marie Defendants. TDIC owes no coverage for claims asserted against

Luke Edward St. Marie, D.D.S., and Luke St. Marie Valley Dental Group, P.L.L.C. in the Underlying Lawsuit. Specifically, TDIC owes no defense or indemnity obligations and may withdraw from defense of the Underlying Lawsuit.

Dated this 6th day of June, 2022.

*John H. Chun*
John H. Chun
United States District Judge